1  Christopher Robin Dryden, Esq. (State Bar No. 234476)
2  James Cannon Huber, Esq. (State Bar No. 269488)
   **GLOBAL LEGAL LAW FIRM**
3  380 Stevens Avenue, Suite 311
   Solana Beach, California 92075
4  Tel.:    (888) 846-8901
5  Fax:    (888) 846-8902
   Email:  cdryden@attorneygl.com
6          jhuber@attorneygl.com
7
8  Attorneys for Plaintiff
   U.S. Alliance Group, Inc. d/b/a Alternative
9  Payments International

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13  U.S. ALLIANCE GROUP, INC., d/b/a       Civil Action No.
    Alternative Payments International.
14                                          **COMPLAINT FOR DAMAGES**

15
              Plaintiff,
16
        v.
17
    MOON, INC. dba LibertyX; TIAGN I,
18  INC. dba LibertyPay; and CHRIS YIM;
    and DOES 1-10, inclusive,
19
              Defendants.
20

21      U.S.  Alliance  Group,  Inc.  d/b/a  Alternative  Payments  International,  a

22  California corporation, and for causes of action, hereby complains against Moon, Inc.

23  dba LibertyX, Tiagn I, Inc. dba LibertyPay, and Chris Yim as follows.

24                        **THE PARTIES**

25      1.      Plaintiff  U.S.  Alliance  Group,  Inc.  d/b/a  Alternative  Payments

26  International  ("USAG")  is  a  California  Corporation  with  its  principal  place  of

27  business located at 29883 Santa Margarita Pkwy. Rancho Santa Margarita, CA

28  92688.

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

2.    Defendant Moon, Inc. dba LibertyX ("Moon") is a Massachusetts corporation with its principal place of business located at 336 Boylston St. Boston, MA 02116.

3.    Defendant Tiagn I, Inc. dba LibertyPay ("Tiagn") is a Massachusetts corporation with its principal place of business located at 336 Boylston St. Boston, MA 02116.

4.    Defendant Chris Yim (Mr. Yim," and collectively with Moon and Tiagn, the "Defendants") is an individual who resides at 42 Beach St. Unit 6C, Boston, MA 02111.

5.    USAG is currently unaware of the true names and capacities of Does 1 through 10, inclusive, whether individual, partnership, corporation, unincorporated association, foreign individual, or entity, or otherwise, and therefore sues these Defendants by such fictitious names. After discovery, which is necessary to ascertain the true names and capacities of these Defendants, USAG will amend the pleadings to allege the necessary identifying details. USAG is informed and believes, and on that basis alleges that at all material times, each of Defendants, as well as Does 1 through 10, was the agent, servant, employee, partner, joint venturer, representative, subsidiary, parent, affiliate, alter ego, or co-conspirator of the others, had full knowledge of and gave substantial assistance to the alleged activities, and in doing the things alleged, each was acting within the scope of such agency, service, employment, partnership, joint venture, representation, affiliation, or conspiracy, and each is legally responsible for the acts and omissions of the others.

6.    USAG is informed and believes, and on that basis alleges that: (a) there existed and now exists a unity of interest, ownership and operation between Defendants such that the individuality and separateness of Defendants has ceased to exist, or never existed; and (b) the failure to disregard the separate corporate entity would sanction a fraud or promote injustice. USAG is further informed and believes, and on that basis alleges that recognition of the privilege of separate existence of the

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

Defendants would promote injustice because Defendants, and each of them, in bad faith dominated and controlled each other.

## JURISDICTION, VENUE, AND APPLICABLE LAW

7.      This Court has jurisdiction over Defendants under 28 U.S.C. § 1332 because Defendants regularly conduct business in California and/or derive substantial benefits and revenues from California. The amount in controversy exceeds the sum or value of $75,000, exclusive of interests or costs.

8.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Defendants' acts and omissions leading to USAG's injuries were committed in Orange County, California, and because the financial impact of Defendants' acts and omissions is sustained by USAG in this judicial district.

9.      Defendants and USAG specifically negotiated certain agreements at dispute to include a forum selection clause setting this Court as the forum to litigate all disputes.  True and correct copies of the agreements that contain the forum selection clauses are attached hereto as Exhibits A, B, C, D, and F.

## FACTS COMMON TO ALL ALLEGATIONS

10.      USAG is in the business of providing electronic payment processing solutions to businesses to allow those businesses to accept electronic payments from their customers.

11.      In or around July 2017, USAG began negotiations with Mr. Yim regarding USAG providing payment processing services to his companies, including without limit, Moon and Tiagn.

12.      On or about July 13, 2017, USAG and Moon entered into a Merchant Processing Agreement.  (See attached as "Exhibit A," a true and correct copy of the "First Moon MPA.") On July 14, 2017, USAG and Moon agreed to an addendum to the First Moon MPA that stated that Moon would not be subject to an early termination fee under the First Moon MPA.

13.      On or about August 17, 2017, USAG and Tiagn entered into a Merchant

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

Processing Agreement. (See attached as "Exhibit B," a true and correct copy of the "Tiagn MPA".)

14. On or about October 18, 2017, USAG and Moon entered into a second Merchant Processing Agreement for an alternative processing program that USAG offered. (See attached as "Exhibit C," a true and correct copy of the "Second Moon MPA" and collectively with the First Moon MPA and the Tiagn MPA, the "MPA Agreements")

15. On or about October 20, 2017, USAG and Moon entered into a third Merchant Processing Agreement for an ACH processing program that USAG offered. (See attached as "Exhibit D," a true and correct copy of the "Moon ACH MPA.")

16. From July 2017 through 2021, Moon, Tiagn, and Mr. Yim entered into multiple Equipment Placement Agreements with USAG. (See attached as "Exhibit E," a true and correct copy of some of the "Equipment Placement Agreements.") The Equipment Placement Agreements set forth that during the term of the MPA Agreements, Moon would process exclusively with USAG. The Equipment Placement Agreements also set forth that the respective corporate Defendants would return equipment to USAG, or they would be responsible for the costs of such equipment. The current amount outstanding for unreturned equipment exceed, $36,995.

17. On or about November 3, 2017, USAG and Tiagn entered into a second Merchant Processing Agreement for an ACH processing program that USAG offered. (See attached as "Exhibit F," a true and correct copy of the "Tiagn ACH MPA," and collectively with the Equipment Placement Agreements and Moon ACH MPA, the "ACH MPAs," and collectively with the MPA Agreements, the Equipment Placement Agreements, and the Moon ACH MPA, the "Processing Agreements.")

18. Each of the MPA Agreements set forth a five-year term that renews for successive five-year terms unless a party provides written notice of its desire to

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1    terminate 90-days before the expiration of the term.

2        19.    Each of the ACH MPAs has a three-year term that renews for successive

3    one-year terms unless a party provides notice of its desire to terminate 60 days before

4    the expiration of the term.

5        20.    Each of the Processing Agreements set forth that the term begins on the

6    effective date, which is the earlier of the date that USAG accepts the application or

7    the date that the merchant submits a transaction under the agreement.

8        21.    Each of the MPA Agreements contain a clause that sets forth an early

9    termination fee (an "ETF") based on a calculation of the average monthly processing

10    volume received by USAG multiplied by the remaining term on the respective

11    agreement.

12        22.    Each of the ACH MPAs provide for USAG to collect the maximum

13    penalty available by law, which is separate from the MPA Agreements because it is

14    a separate agreement.

15        23.    In or around March 2021, Defendants breached the Processing

16    Agreements by switching their services to an alternative processor.

17        24.    On or about April 15, 2021, USAG sent a demand to each of the

18    Defendants (each a "Demand," and collectively, the "Demands"), each of which

19    requested an ETF calculated based on a breach of the Processing Agreements.

20        25.    USAG calculated the ETF in each Demand based on the average

21    monthly processing volume, multiplied by the remaining term on the respective

22    agreement.

23        26.    Under the Second Moon MPA, Moon owes $8,354.46 for its ETF.

24        27.    Under the Moon ACH MPA, Moon owes $63,023.03 for its ETF.

25        28.    Under the Tiagn ACH MPA, Tiagn owes $60,310.47 for its ETF.

26        29.    Under the Tiagn MPA, Tiagn owes $78,784.21 for its ETF.

27        30.    In addition to the Processing Agreements noted above, USAG also

28    entered into a Referrer Services Agreement with Moon.  On November 1, 2017,

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

USAG and Moon executed the Referrer Services Agreement ("RSA"). The RSA was for a term of twelve months, unless terminated with a 90-day written notice. (See attached as "Exhibit G," a true and correct copy of the RSA.)

31.     Under the RSA, Moon agreed to pay USAG commissions for sales and marketing efforts of Moon's cash replenishment services to distributors and retail stores. Despite USAG's sales and marketing efforts, Moon stopped paying USAG's commissions on March 14, 2021, without providing USAG the required written notice under the RSA.

32.     USAG's commissions under the RSA averaged $54,969.75 for the months of October 2020 through December 2020. Factoring in the nine months remaining on the RSA's twelve-month term, Moon owes USAG $494,727.75 in damages for Moon's breach of the RSA, among other damages.

33.     Further, on or about February 16, 2018, Moon and USAG entered into the Moon, Inc. Advisor Agreement (the "Advisor Agreement"), under which USAG agreed to provide consulting services to Moon. Pursuant to the Advisor Agreement, Moon agreed to reimburse USAG for reasonable expenses, and grant USAG Option Shares that totaled a 5% ownership share in Moon (the "Option Shares"), upon USAG meeting certain milestones under the MPA and ACH agreements between the parties. Although USAG met all such milestones, Moon never provided USAG with the Option Shares.

34.     Also, in or around early 2018, Mr. Yim and USAG discussed that Mr. Yim would purchase, deploy, and process transactions through USAG under the MPA and ACH agreements, on over 1,000 ATM machines if USAG would purchase and program such machines. USAG even provided a sample to Mr. Yim, who again agreed to deploy such machines and process transactions using those machines. Based on Mr. Yim's promise, USAG purchased over 1,000 machines and programmed such machines at a cost of approximately $1,000,000. However, Mr. Yim never deployed such machines.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

COMPLAINT FOR DAMAGES

35.     USAG relied on Moon and Tiagn's continued performance under the Processing Agreements, and therefore purchased and programmed approximately 1,000 terminals to facilitate Moon's ATM services based on the expected performance under all agreements and the parties' performance.  USAG spent over $1,000,000.00 for the purchase and programming of the terminals.

36.     On or about March 16, 2021, Defendants sent a notice of termination of the Advisor Agreement, the First Moon MPA, and the Tiagn MPA.

## FIRST CAUSE OF ACTION

### (Breach of Contract - Second Moon MPA)

### (Against Moon)

37.     USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

38.     USAG has performed all of its obligations under the Second Moon MPA by facilitating the provision of payment processing.

39.     Moon has materially breached the Second Moon MPA by, among other things, utilizing an alternative processor and terminating prior to the term.

40.     The ETF under the Second Moon MPA exceeds $8,354.46.

41.     As a result of Defendants' material breaches of the Second Moon MPA, USAG has been damaged, and continues to be damaged, which damages are the natural and proximate consequence of Defendants' breach of the Second Moon MPA, in an amount to be determined through discovery, but no less than $8,354.46.

## SECOND CAUSE OF ACTION

### (Breach of Contract - Tiagn MPA)

### (Against Tiagn)

42.     USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

43.     USAG has performed all of its obligations under the Tiagn MPA by facilitating the provision of payment processing.

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

44.    Tiagn has materially breached the Agreement by, among other things, utilizing an alternative processor and terminating prior to the term.

45.    The ETF under the Tiagn MPA exceeds $76,784.21.

46.    As a result of Tiagn's material breaches of the Tiagn MPA, USAG has been damaged, and continues to be damaged, which damages are the natural and proximate consequence of Tiagn's breach of the Tiagn MPA, in an amount to be determined through discovery, but no less than $78,784.21.

## THIRD CAUSE OF ACTION

### (Breach of Contract - Tiagn ACH MPA)

### (Against Tiagn)

47.    USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

48.    USAG has performed all of its obligations under the Tiagn ACH MPA by facilitating the provision of payment processing.

49.    Tiagn has materially breached the Tiagn ACH MPA by, among other things, utilizing an alternative processor and terminating prior to the term.

50.    The ETF under the Tiagn ACH MPA exceeds $60,310.47.

51.    As a result of Tiagn's material breaches of the Tiagn ACH MPA, USAG has been damaged, and continues to be damaged, which damages are the natural and proximate consequence of Tiagn's breach of the Tiagn ACH MPA, in an amount to be determined through discovery, but no less than $60,310.47.

## FOURTH CAUSE OF ACTION

### (Breach of Contract - Moon ACH MPA)

### (Against Moon)

52.    USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

53.    USAG has performed all of its obligations under the Moon ACH MPA by facilitating the provision of payment processing.

54.    Moon has materially breached the Moon ACH MPA by, among other things, utilizing an alternative processor and terminating prior to the term.

55.    The early termination fee under the Moon ACH MPA exceeds $63,023.03.

56.    As a result of Moon's material breaches of the Agreement, USAG has been damaged, and continues to be damaged, which damages are the natural and proximate consequence of Moon's breach of the Moon ACH MPA, in an amount to be determined through discovery, but no less than $$63,023.03.

## FIFTH CAUSE OF ACTION

### (Breach of Contract - Equipment Placement Agreements)

### (Against Moon)

57.    USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

58.    USAG has performed all of its obligations under the Equipment Placement Agreements by facilitating the provision of payment processing.

59.    Moon has materially breached the Equipment Placement Agreements by, among other things, not returning and/or not paying for equipment, utilizing an alternative processor and terminating prior to the term.

60.    The cost of the unreturned equipment exceeds $36,995.00.

61.    As a result of Defendants' material breaches of the Equipment Placement Agreements, USAG has been damaged, and continues to be damaged, which damages are the natural and proximate consequence of Defendants' breach of the Equipment Placement Agreements, in an amount to be determined through discovery, but no less than $36,995.00.

## SIXTH CAUSE OF ACTION

### (Breach of Contract - RSA)

### (Against Moon)

62.    USAG repeats and realleges all paragraphs above with the same force

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

1 | and effect as if fully set forth herein.

2 | 63.    USAG has performed all of its obligations under the RSA by facilitating
3 | the provision of payment processing.

4 | 64.    Moon has materially breached the RSA by failing to pay commissions
5 | beginning on March 14, 2021.

6 | 65.    The amount due for the remaining term as calculated under the RSA is
7 | $494,727.75.

8 | 66.    As a result of Moon's material breaches of the RSA, USAG has been
9 | damaged, and continues to be damaged, which damages are the natural and
10 | proximate consequence of Moon's breach of the RSA, in an amount to be determined
11 | through discovery, but no less than $494,727.75.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief)

### (Against all Defendants)

67.    USAG repeats and realleges all paragraphs above with the same force
and effect as if fully set forth herein.

68.    USAG has claimed that Defendants have, among other things, switched
to an alternative processor and terminated the Processing Agreements prior to the
expiration of the respective current term.  The former, triggered USAG's right to
seek an ETF under the respective Processing Agreements.

69.    USAG has claimed that Defendants breached the Equipment Placement
Agreements and that Defendants are therefore responsible for over $36,995.00 in
damages.

70.    USAG has claimed that Moon breached the RSA and that Moon is
therefore responsible for over $494,727.75 in damages.

71.    As alleged above, an actual controversy exists between the parties
regarding their respective rights and obligations under all agreements mentioned
above, and that Defendants are responsible for USAG's damages under such

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

agreements, among many other things.

72.  USAG requests a declaration with respect to the foregoing.

## EIGHTH CAUSE OF ACTION

### (Open Book Account)

### (Against all Defendants)

73.  USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

74.  In the past four years, Defendants have become indebted to USAG in the amount of $202,117.71, on an open book account, under the Processing Agreements between USAG and the respective Defendants thereto.

75.  No amount of the $202,117.71 due has been paid by Defendants.

## NINTH CAUSE OF ACTION

### (Promissory Estoppel)

### (Against all Defendants)

76.  USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

77.  In the past four years, Defendants have promised to purchase and use all of the ATM equipment that USAG purchased and programmed.

78.  USAG reasonably relied on Defendants' promises set forth above.

79.  Defendants reasonably foresaw USAG's reliance on their promise as evidenced by all agreements mentioned above and the entrenched business relationship and dealings between the parties, and that USAG was able to provide machines upon demand.

80.  USAG was injured by its reliance on Defendants' promises in the amount of over $1,000,000 in equipment and programming costs.

/ / /

/ / /

/ / /

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

GLOBAL LEGAL LAW FIRM
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901

## TENTH CAUSE OF ACTION

### (Breach of Contract - Advisor Agreement)

### (Against all Moon)

81.  USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

82.  USAG has performed all of its obligations under the Advisor Agreement.

83.  Moon has materially breached the Advisor Agreement by failing to provide the Option Shares to USAG.

84.  As a result of Moon's material breaches of the Advisor Agreement, USAG has been damaged, and continues to be damaged, which damages are the natural and proximate consequence of Moon's breach of the Agreement, in an amount to be determined through discovery, but no less than $16,000,000.

## ELEVENTH CAUSE OF ACTION

### (Accounting)

### (Against all Moon)

85.  USAG repeats and realleges all paragraphs above with the same force and effect as if fully set forth herein.

86.  USAG and Moon were in a relationship where Moon was bound to act with the utmost good faith for the benefit of USAG under the Advisor Agreement.

87.  Moon has materially breached the Advisor Agreement by failing to provide the Option Shares to USAG.

88.  USAG is unaware of the value of a 5% ownership share in Moon, which is the value of the Option Shares.  Thus, the amount due USAG is unknown and cannot be ascertained without an accounting, since the information necessary to determine that amount is within the exclusive knowledge of Moon and Mr. Yim. As a result of Moon's material breaches of the Advisor Agreement, USAG has been damaged, and continues to be damaged, which damages are the natural and

proximate consequence of Defendants' breach of the Advisor Agreement, in an amount to be determined through discovery, but no less than $16,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, U.S. Alliance Group, Inc. d/b/a Alternative Payments International for relief against Defendants, as follows:

1.    For damages in an amount to be shown at the time of trial in accordance with proof but in excess of $18,000,000.00.

2.    For costs of suit herein incurred; and

3.    For such other and further relief as the Court may deem proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, U.S. Alliance Group, Inc. d/b/a Alternative Payments International hereby demands a jury trial on all issues so triable.

Date: April 30, 2021                     **GLOBAL LEGAL LAW FIRM**

By:

James Cannon Huber, Esq.
Attorneys for Plaintiff U.S. Alliance Group, Inc. d/b/a Alternative Payments International

COMPLAINT FOR DAMAGES

**GLOBAL LEGAL LAW FIRM**
380 Stevens Avenue, Suite 311
Solana Beach, California 92075
(888) 846-8901